Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SALUSTIANO ÁLVAREZ MÉNDEZ Y OTROS<br><br>Demandantes-Recurridos<br><br>Vs.<br><br>JOSÉ ARTURO ÁLVAREZ GALLARDO Y OTROS<br><br>Demandados-Peticionarios | TA2026CE00377 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2021CV05977<br><br>Sala: 508<br><br>Sobre: SENTENCIA DECLARATORIA |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Cruz Hiraldo y el Juez Sánchez Báez.[1]

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de junio de 2026.

Comparece la parte peticionaria compuesta por: (1) Méndez & Co., Inc.; (2) José Arturo Álvarez Gallardo; (3) Carlos Álvarez Méndez; (4) Pablo José Álvarez Muñoz; y (5) Manuel H. Dubón Otero; solicita la expedición del presente recurso de *certiorari* para la revocación de la *Resolución* emitida y notificada el 25 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan. En la resolución recurrida el foro primario denegó la *Moción de Reconsideración Parcial* promovida por la parte peticionara sobre una orden para compeler la producción y entrega de cierta prueba documental a la parte recurrida compuesta por: (1) Manuel Lecaroz Pasarell; (2) Irma Elena Fiol Martínez; (3) la sociedad legal de bienes gananciales compuesta por ambos; (4) Salustiano Álvarez Fiol; (5) Luis Antonio Álvarez Fiol; e (6) Irma María Álvarez Fiol.

---

[1] Mediante la OATA-2026-063 emitida el 2 de junio de 2026, se designa al Hon. Juan R. Hernández Sánchez en sustitución de la Hon. Ivelisse M. Domínguez Irizarry.

Por los fundamentos expuestos en esta resolución, *denegamos* la expedición del *certiorari* solicitado.

**-I-**

La controversia del pleito tuvo su génesis el 17 de agosto de 2024 cuando la parte recurrida presentó una *Tercera Demanda Enmendada.* La parte recurrida solicitó una declaración de nulidad o anulabilidad sobre un fideicomiso constituido en el año 1949 del cual las partes del epígrafe son participantes. Asimismo, imputó a la parte peticionaria una serie de actuaciones impropias y negligentes sobre la administración del fideicomiso que, según las alegaciones, impide a los recurridos ejercer sus facultades fiscales y derechos de administración sobre la compañía demandada y, además, obtener el beneficio debido en proporción a la participación que cada uno ostenta sobre el ente corporativo. El 19 de junio de 2025, la parte recurrida notificó a la parte peticionaria un *Segundo Requerimiento de Producción de Documentos.* El 14 de julio de 2025, la parte peticionaria presentó *Contestaciones y Objeciones al Segundo Requerimiento de Producción de Documentos.* Los peticionarios objetaron algunos de los requerimientos de prueba al supuestamente consistir en la producción de documentos protegidos por el privilegio abogado-cliente, el privilegio contador público-cliente y el privilegio de secretos comerciales. El 3 de agosto de 2025, la parte recurrida solicitó una orden a la parte peticionaria para entregar la evidencia requerida desde el 19 de junio de 2025. El 29 de agosto de 2025, la parte peticionaria presentó oposición a la solicitud de orden y suplicó una orden protectora para impedir la producción de documentos solicitada. La parte recurrida presentó oposición al anterior escrito. El 22 de septiembre de 2025, el foro de primera instancia ordenó a la parte peticionaria a "contestar y producir la información solicitada" en 78 de los 79 requerimientos de producción de

documentos cursados por la parte recurrida. El 7 de octubre de 2025, la parte peticionaria presentó una *Moción de Reconsideración Parcial* en torno a la anterior orden. El 25 de febrero de 2026, el foro recurrido denegó la reconsideración de la parte peticionaria.

Inconforme, el 27 de febrero de 2026, la parte peticionaria instó el recurso de epígrafe e imputó al foro recurrido la comisión de los siguientes errores:

A. Erró el TPI al incurrir en abuso de discreción y en error manifiesto de derecho al negarse a aplicar el privilegio de secretos comerciales razonando que "la información es pertinente a la luz de las alegaciones presentadas, que los demandantes no son terceros ajenos a la corporación y que las partes firmaron un acuerdo de confidencialidad".

B. Erró el TPI al incurrir en abuso de discreción y en error manifiesto de derecho al negarse aplicar los privilegios de abogado cliente y contador público autorizado-cliente bajo el fundamento de que, al comprometerse a suplementar sus contestaciones con un "*privilege log*", los Demandados supuestamente acordaron proveer la información privilegiada.

C. Erró el TPI e incurrió en abuso de discreción al ordenar la producción de documentos objetados por impertinentes y que les pertenecen a terceros que no son parte, que contienen información privada de terceros que no son parte o que contienen información personal y financiera de empleados de Méndez que no son parte en este caso y que no tienen probabilidad de conducir al descubrimiento de prueba admisible.

La parte recurrida también compareció mediante alegato escrito en oposición a la expedición del *certiorari* promovido. Procedemos a disponer del presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente electrónico y el *Derecho* aplicable.

### -II-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. *Íd.*, pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. *Íd.* Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. *Íd.* Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.*

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 215 DPR ____ (2025), enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

## -III-

Los tribunales apelativos no debemos "intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018). El expediente electrónico no sugiere la ocurrencia de algún error o abuso de discreción judicial que justifique eludir la norma ordinaria de abstención judicial reguladora de nuestras funciones apelativas en dictámenes como el de autos.

Igualmente, no advertimos criterio jurídico particular para dejar sin efecto la determinación recurrida. Regla 40 del Reglamento de este Tribunal, *supra.*

## -IV-

Por los fundamentos en esta resolución, los cuales hacemos formar parte de este dictamen, *denegamos* la expedición del auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones